DAVID W. GAMMILL   (SBN 258286)
[DAVID@GAMMILL.LAW]
**GAMMILL  LAW, APC**
1500 ROSECRANS AVE., SUITE 500
MANHATTAN BEACH, CA 90266
TEL: (310) 750-4140 ; FAX: (323) 350-1108

Attorney for Plaintiff, *VICTOR MANUEL MARTINEZ WARIO*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL MARTINEZ WARIO, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY OF WHITTIER, a Public Entity; WHITTIER POLICE DEPARTMENT, a public entity; LOS ANGELES COUNTY, a Public Entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 50<br><br>                    Defendants. | **CASE NO.: 2:24-cv-3580**<br><br>**COMPLAINT FOR DAMAGES AND CLAIMS FOR RELIEF:**<br><br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983): UNLAWFUL SEARCH AND SEIZURE;**<br>2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983):** *MONELL CLAIM***; and**<br>3. **NEGLIGENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

## SUMMARY OF FACTS

1.      Plaintiff Victor Manuel Martinez Wario's claims arise out of the wrongful arrest and imprisonment he suffered at the hands of the City of Whittier, the Whittier Police Department, Los Angeles County, and the Los Angeles County Sheriff's Department (collectively, "Defendants") in March 2023.  As outlined below, what began as a simple traffic stop turned into a five day nightmare of incarceration without

- 1 –

any probable cause. As a result, Mr. Wario suffered, and continues to suffer, emotional and mental trauma. He also missed time at work, and was unable to provide care to his disabled fiancée.

2.     On or about the evening of March 25, 2021, at approximately 9:30 p.m., Victor Manuel Martinez Wario was pulled over by the Whittier Police Department for a minor traffic infraction. During the traffic stop the police officers erroneously determined that Mr. Wario had an active warrant and placed him under arrest. At all times during the interaction Mr. Wario was fully compliant with officer directions and instructions, but he did inform them that he did not have any warrants or criminal cases. Nonetheless he was booked and processed into the Whittier P.D. jail.

3.     At some point in the evening, during the booking process, the officers informed Mr. Wario that his warrant was for an old case in which he was convicted of child molestation (Cal. Penal Code § 288a). Mr. Wario again adamantly told them that they had the wrong person and that his only criminal history was a misdemeanor conviction for driving under the influence more than 7 years ago. It was later discovered that the child molestation case in question was Los Angeles County Case No. BA393467 with a conviction date of September 21, 2012. On information and belief, the actual defendant in that case failed to check in with the probation department following his conviction and failed to register as a sex offender pursuant to Cal. Penal Code § 290. Mr. Wario was held on no bail.

4.     More than 48 hours later, just after midnight on March 15, Mr. Wario was transferred to the custody of the Los Angeles Sheriff's Department and was placed into Men's Central Jail. There, he was assigned special housing for custodies with child molestation cases, given a specially colored jumpsuit indicating his status as a sex offender, and a wristband was placed on his wrist also showing that his case involved child molestation. Because of his perceived status as a convicted child molester, Mr. Wario was in serious jeopardy of being attacked by fellow inmates.

5.     Later in the morning of the 15th he was taken to the Los Angeles County

**COMPLAINT FOR DAMAGES**

Criminal Courts Building for arraignment. There, Mr. Wario had a short meeting with his attorney, who promptly advised the Court that they had the wrong defendant. Judge Mary Lou Villar set bail at $30,000 but would not release him. She ordered a fingerprints expert to appear in court the following week to take his fingerprints and verify his identity. The following day, March 16, the Deputy District Attorney assigned to the case obtained the booking photo of the actual defendant in the case and determined that it was not Mr. Wario.

6.    The next day, March 17, Mr. Wario was brought back to court and following a short hearing, Judge Vilar ordered him released.  Despite the Court's order, it took an additional eight hours for Mr. Wario to be let out.  This was a full five days after his arrest.

7.    During his unlawful confinement, Mr. Wario missed time at work and was unable to provide care to his disabled fiancée, Sharlene Luckett. Additionally, as a result of this ordeal, Mr. Wario suffered, and continues to suffer, extreme emotional distress, sleeplessness, anxiety, and mental anguish.

8.    On September 8, 2023, Mr. Wario, through counsel, filed a Government Tort Claim with the City of Whittier.  A notice of rejection of that claim was served on Plaintiff's counsel on October 31, 2023.

9.    On September 8, 2023, Mr. Wario, through counsel, filed a Government Tort Claim with the County of Los Angeles.  A notice of denial letter of that claim was served on Plaintiff's counsel on November 8, 2023.

## **PARTIES**

10.    At all relevant times, Victor Manuel Martinez Wario ("Plaintiff") was an individual residing in the City of Norwalk, County of Los Angeles, California.

11.    Defendant City of Whittier is, and at all relevant times was, a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles, California.

12.    At all relevant times, the Whittier Police Department ("WPD") was a law

**COMPLAINT FOR DAMAGES**

enforcement agency for Defendant City of Whittier, responsible for the training and supervision of its police officers, and Defendants DOES 1 through 25 (Defendants are collectively "Defendants" or "WPD").

13.     Defendant County of Los Angeles is, and at all relevant times was, a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles, California.

14.     At all relevant times, the Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency for Defendant County of Los Angeles, responsible for the training and supervision of its deputies, and Defendants DOES 26 through 50 (Defendants are collectively "Defendants" or "LASD").

15.     The City of Whittier and the WPD are responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the WPD, its agents and employees, and the WPD Officers. At all relevant times, Defendants were responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the City of Whittier was the employer of Defendants DOES 1 through 25.

16.     Defendant DOES 1 through 15, are, and at all relevant times were, individuals residing in the County of Los Angeles in the State of California. At all relevant times, DOES 1 through 25 were acting in the course and scope of their employment with the City of Whitter, the WPD, and acting under the color of state law.

17.     Defendants DOES 16 - 25 are managerial, supervisorial, and policymaking employees of the WPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the WPD. DOES 8 - 10 were acting with the complete authority and ratification of their principal, Defendant the City of Whittier.

18.     The County of Los Angeles and the LASD are responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and

agencies, including the LASD, its agents and employees, and the LASD Deputies. At all relevant times, Defendants were responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the County of Los Angeles was the employer of Defendants DOES 26 through 50.

19.     Defendant DOES 26 through 40, are, and at all relevant times were, individuals residing in the County of Los Angeles in the State of California. At all relevant times, DOES 26 through 40 were acting in the course and scope of their employment with the County of Los Angeles, the LASD, and acting under the color of state law.

20.     Defendants DOES 41 – 50 are managerial, supervisorial, and policymaking employees of the LASD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LASD. DOES 41 - 50 were acting with the complete authority and ratification of their principal, Defendant County of Los Angeles.

21.     The true names and/or capacities, whether individual, corporate, associate, individual, or otherwise of Defendant DOES 1 through 50 are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

22.     Plaintiff is informed and believes, and based upon such information and belief, allege that each Defendant and Defendants sued herein as DOES 1 through 50 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

23.     Plaintiff are informed and believe and thereon allege that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself,

herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

24.     Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### UNREASONABLE SEARCH AND SEIZURE
### (*Plaintiff against all Defendants*)

25.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all preceding paragraphs of this complaint, as though fully set forth herein.

26.     As alleged herein, Defendants falsely arrested and imprisoned Plaintiff without justification or probable cause. Defendants' unjustified actions deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed under the Fourth and Fourteenth Amendment.

27.     Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that such an arrest and confinement was reasonable.  At all relevant times, Plaintiff was compliant and followed Defendants' instructions, and did not have any outstanding warrants or wants, and was not on probation or parole, nor was he in violation thereof.  No objective facts readily available and known to Defendants could have reasonably led them to conclude that Plaintiff was a fugitive from justice stemming from a 2012 child molestation case. As a result of the foregoing, Plaintiff suffered great emotional and mental distress. Further, Defendants'

- 6 –

actions violated their training and standard police officer training.

28.    Defendants, under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's Civil Rights and his right to be secure in his person against unreasonable search and seizure as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment.

29.    Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the personal liberty and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of his Constitutional rights.

30.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

31.    Defendants acted with a conscious disregard of Plaintiff's rights conferred upon his by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him to be falsely imprisoned.

32.    Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### *MONNEL* CLAIM
### (*Plaintiff against The City of Whittier, County of Los Angeles,*
### *DOES 16 – 25, and DOES 41 – 50*)

33.    Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

34.    At all relevant times, Defendant Officers and Deputies acted under color of law. The acts of the Defendant Officers and Deputies violated Plaintiff's rights under the United States Constitution and the Fourth and Fourteenth Amendment.

35.    Upon information and belief, DOES 16 through 25 and DOES 41 through 50 were the final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DOES 1 through 15 and DOES 26 through 40, ratified the Defendant Officers and Deputies acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the Defendant Officers and Deputies acts.

36.    Upon information and belief, a final policymaker has determined that the acts of the Defendant Officers and Deputies were "within policy."

37.    Accordingly, Defendants City of Whittier and County of Los Angeles are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

38.    The training policies of Defendant were not adequate to train its officers and deputies to handle the usual and recurring situations with which they must deal.

39.    Defendants City of Whittier and County of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

40.    The failure of Defendants City of Whittier and County of Los Angeles to provide adequate training caused the deprivation of Plaintiff's rights by the Defendant Officers and Deputies; that is, the City Whittier's and County of Los Angeles' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

41.    On information and belief, City of Whittier and County of Los Angeles failed to train the Defendant Officers and Deputies properly and adequately. By reason of the aforementioned acts and omissions, Plaintiff has been injured.

COMPLAINT FOR DAMAGES

42.     Accordingly, the City of Whittier and the County of Los Angeles are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

43.     Defendants Officers and Deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants City of Whittier and County of Los Angeles.

44.     On information and belief, the Defendant Officers and Deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

45.     The City of Whittier and County of Los Angeles policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Arresting and imprisoning individuals without a warrant or probable cause, violating a person's rights under the Fourth and Fourteenth Amendment;

(b) Providing inadequate training regarding search and seizure;

(c) Employing and retaining as police officers and deputies individuals such as Defendant Officers and Deputies, who Defendants City of Whittier and County of Los Angeles at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and arresting and confining individuals without a warrant or probable cause;

(d) Inadequately supervising, training, controlling, assigning, and disciplining City of Whittier and County of Los Angeles officers and deputies, and other personnel, including Defendant Officers and Deputies, who Defendants City of Whittier and County of Los Angeles knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendant Officers and Deputies;

(f) Failing to adequately discipline City of Whittier and County of Los Angeles

police officers and deputies, including Defendant Officers and Deputies, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that the use of unjustified arrests are "within policy," including conduct that was later determined to be unconstitutional;

(h) Even where a search and seizure is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

46.  By reason of the aforementioned acts and omissions, Plaintiff has suffered physical and emotional injuries in an amount to be proven at trial.

47.  Defendants City of Whittier, County of Los Angeles, and DOES 16 through 25 and DOES 41 through 50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

48.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant Officers and Deputies acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants City of Whittier and County of Los Angeles and DOES 16 through 25 and DOES 41 through 50 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

49.  Accordingly, Defendants City of Whittier, County of Los Angeles, and DOES 16 through 25 and DOES 41 through 50 each are liable to Plaintiff for

compensatory damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

## NEGLIGENCE

### (*Plaintiff against all Defendants*)

50.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

51.     Defendants had a duty to use reasonable care in their interaction with the plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants conduct and not to expose such person to reasonably foreseeable risks of harm, including, but not limited to, causing harm to Plaintiff by arresting and imprisoning him without a warrant or probable cause.

52.     At all relevant times, no probable cause existed to arrest and confine Plaintiff. At all relevant times, Defendants had no reasonable basis to believe that Plaintiff had any outstanding warrants or wants, or was on probation or parole, or was in violation thereof.

53.     Based on the facts readily available and known to the Defendants, no reasonable conclusion could be drawn that probable cause existed to arrest and confine Plaintiff. All objective facts readily available and known to Defendants could not have reasonably led the officers and/or deputies to conclude that Plaintiff was a fugitive from justice.

54.     In light of the foregoing facts, knowledge, and circumstances, no reasonable person or reasonable officer or deputy could have believed that probable cause existed to arrest and incarcerate Plaintiff. Moreover, in light of the foregoing, no material ambiguities existed and no reasonable person could have believed that Plaintiff had committed any offense or was sought by authorities. As such, no reasonable person or reasonable officer or deputy, acting on said facts, could sensibly or reasonably conclude that probable cause existed to arrest and imprison Plaintiff.

**COMPLAINT FOR DAMAGES**

55.     Defendants had a duty to use reasonable care in their interaction with the plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants' conduct while interacting with them and not to expose such person to reasonably foreseeable risks deprivation of his rights.

56.     Defendants breached their duty of care owed to the public and especially to Plaintiff by failing to act with the requisite care required and caused Plaintiff to suffer injuries, including but not limited to: mental and emotional anguish, despite knowing that Plaintiff was innocent of any criminal activity.

57.     Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff, as it did when Defendants interacted with Plaintiff and caused him to be unlawfully arrested and incarcerated and suffer harm that would not have otherwise occurred but for the unreasonable conduct of the Defendants. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care required and causing Plaintiff to suffer an unlawful arrest and confinement.

58.     The City of Whittier and County of Los Angeles are vicariously liable for the wrongful acts of the their Officers and Deputies pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

59.     As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof.

//
//
//
//
//

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VICTOR MANUEL MARTINEZ WARIO prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;

2. For special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against Does 1 through 50;

4. For costs of suit;

5. For reasonable attorneys' fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff VICTOR MANUEL MARTINEZ WARIO hereby demands a jury trial.

DATED:  April 30, 2024                    **GAMMILL LAW, APC**

By:   */s/ David Gammill*
DAVID W. GAMMILL
Attorneys for Claimant
*VICTOR MANUEL MARTINEZ WARIO*

– 13 –

**COMPLAINT FOR DAMAGES**