**GAMMILL LAW, APC**
DAVID W. GAMMILL (SBN 258286)
1500 Rosecrans Ave., Suite 500
Manhattan Beach, CA 90266
Email: david@gammill.law
Tel: (310) 750-4149; Fax: (323) 350-1108

BEN EVENSTAD (SBN 305767)
6230 Wilshire Blvd., Suite 230
Los Angeles, CA 90048
Email: ben@evenstadlaw.com
Tel: (310) 999-2223

Attorneys for Plaintiff VICTOR MANUEL MARTINEZ WARIO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR MANUEL MARTINEZ WARIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WHITTIER, a public entity; COUNTY OF LOS ANGELES, a public entity; AUSTIN CASTRO, an individual; CYNTHIA GUZMAN, an individual; KAREN ZARAGOZA, an individual; and G4S SECURE SOLUTIONS, INC., a Florida corporation,<br><br>Defendants. | **CASE NO.: 2:24-cv-03580-PA-JPR**<br><br>**(Assigned to Judge Percy Anderson)**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND CLAIMS FOR RELIEF:**<br><br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983): UNLAWFUL SEARCH AND SEIZURE;**<br>2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983):** *MONELL* **CLAIM; and**<br>3. **NEGLIGENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1. Plaintiff Victor Manuel Martinez Wario's claims arise out of the wrongful arrest and imprisonment Mr. Wario suffered at the hands of the Whittier Police Department (a department of Defendant City of Whittier), Whittier Police Officer Austin Castro, jailers Cynthia Guzman and Karen Zaragoza, G4S Secure Solutions, Inc. (the corporate employer of Whittier's jailers) and the Los Angeles County Sheriff's Department (a department of Defendant County of Los Angeles) in March 2023. As outlined below, what began as a simple traffic stop turned into a five-day nightmare of incarceration with no probable cause. As a result, Mr. Wario suffered, and continues to suffer, emotional and mental trauma. He also missed time at work and was unable to provide care to his disabled fiancée.

# SUMMARY OF FACTS

2. On the evening of March 12, 2023, at approximately 8:40 p.m., Mr. Wario was pulled over by Officer Austin Castro of the Whittier Police Department for a minor traffic infraction. During the traffic stop, Officer Castro erroneously determined that Mr. Wario had an active warrant and placed him under arrest. At all times during the interaction, Mr. Wario was fully compliant with officer directions and instructions, but he informed the officers that he did not have any pending warrants or criminal cases. Nonetheless he was booked and processed into the Whittier Police Department jail.

3. At some point in the evening, during the booking process, the Defendant officer and Defendant jailers informed Mr. Wario that his warrant was for an old case in which he was convicted of child molestation (California Penal Code § 288(a)). Mr. Wario again adamantly told them that they had the wrong person and that his only criminal history involved misdemeanor driving under the influence offenses more than seven years previously. It was later discovered that the child-molestation case in question was Los Angeles County Case No. BA393467, with a conviction date of

September 21, 2012. On information and belief, the actual defendant in that case had a similar name to Mr. Wario's and the same date of birth. After that individual's conviction, he failed to check in with the probation department following his conviction and failed to register as a sex offender in accordance with California Penal Code § 290. Mr. Wario was held on no bail.

4.  Defendants' mistaken identity should have been immediately realized. Indeed, at approximately 8:43 pm on March 12, 2023, during the traffic stop, Officer Castro was provided information by the WPD dispatcher indicating that Mr. Wario "may be the same as CII/A32143612." (A CII number is an individual's Criminal Identification Index number, a unique identifier linked to the person's fingerprints.) That CII number belongs to the individual convicted of child molestation who Castro wrongly believed Mr. Wario to be. Additionally, at 10:20 pm on March 12, 2023, the booking officers who, upon information and belief were Officer Castro, jailer Guzman, and jailer Zaragoza, again noted they mistakenly believed Mr. Wario to have CII number A32143612, and proceeded to book him based on that mistaken identity. However, this action was unreasonable and a violation of the Fourth Amendment because the Defendants also had in their possession Mr. Wario's actual CII number, as a result of submitting his fingerprints to several law enforcement databases. Both the FBI and Homeland Security fingerprint searches that Defendants ran on March 12, 2023, successfully determined Mr. Wario's CII Number to be A24656747. Neither Officer Castro, nor jailer Guzman, nor jailer Zaragoza, compared the CII Numbers to determine if Mr. Wario was, in fact, the nonparty convicted child molester of a similar name and same date of birth, choosing instead to ignore Mr. Wario's protests, in violation of his constitutional rights. The arrest of Mr. Wario was not performed by any County of Los Angeles employee.

5.  After spending approximately forty-eight hours in custody at the Whittier jail, Mr. Wario was transferred to the custody of the Los Angeles Sheriff's Department

**SECOND AMENDED COMPLAINT FOR DAMAGES**

and was placed in Men's Central Jail. There, he was assigned special housing for custodies with child-molestation cases and given a specially colored jumpsuit indicating his status as a sex offender. A wristband was placed on his wrist also showing that his case involved child molestation. Because of his perceived status as a convicted child molester, Mr. Wario was in serious jeopardy of being attacked by fellow inmates.

6. On the morning of March 15, 2023, several hours after he was booked into the Men's Central Jail, Mr. Wario was taken by the Los Angeles County Sheriff's Department to the Los Angeles County Criminal Courts Building for arraignment. There he had a short meeting with his attorney, who promptly advised the court that it had the wrong defendant. Judge Mary Lou Villar set bail at $30,000, but would not release Mr. Wario. She ordered a fingerprint expert to appear in court the following week to take Mr. Wario's fingerprints and verify his identity. On the following day, March 16, 2023, the Deputy District Attorney assigned to the case obtained the booking photo of the actual defendant and determined that it was not Mr. Wario.

7. The next day, March 17, 2023, Mr. Wario was brought back to court and, following a short hearing, was ordered released by Judge Villar. Despite the court's order, it took an additional eight hours for Mr. Wario to be let out. This was a full five days after his arrest.

8. During his unlawful confinement, Mr. Wario missed time at work and was unable to care for his disabled fiancée, Sharlene Luckett. Additionally, as a result of his ordeal, Mr. Wario suffered, and continues to suffer, extreme emotional distress, sleeplessness, anxiety, and mental anguish.

9. On September 8, 2023, Mr. Wario, through counsel, filed a Government Tort Claim with the City of Whittier. A notice of rejection of that claim was served on Mr. Wario's counsel on October 31, 2023.

10. On September 8, 2023, Mr. Wario, through counsel, filed a Government Tort Claim with the County of Los Angeles. A notice of denial of that claim was served

on Mr. Wario's counsel on November 8, 2023.

## PARTIES

11. At all relevant times, Plaintiff Victor Manuel Martinez Wario was an individual residing in the City of Norwalk, County of Los Angeles, State of California.

12. At all relevant times, Defendant City of Whittier was a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles. At all relevant times, the Whittier Police Department (WPD) was a department of Defendant City of Whittier. At all relevant times, WPD was a law-enforcement agency responsible for the training and supervision of police officers.

13. At all relevant times, Defendant County of Los Angeles was a governmental entity organized and existing under the laws of the State of California. At all relevant times, the Los Angeles County Sheriff's Department (LASD) was a department of Defendant County of Los Angeles. At all relevant times, LASD was a law-enforcement agency responsible for the training and supervision of deputies.

14. Defendant City of Whittier is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including WPD and its agents and employees. At all relevant times, Defendant City of Whittier was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of WPD and its employees and agents complied with the laws of the United States and those of the State of California.

15. Defendant County of Los Angeles is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including LASD and its agents and employees. At all relevant times, Defendant County of Los Angeles was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of LASD and its employees and agents complied with the laws of the United States and those of the State of California. The City of Whittier, G4S Secure Solutions Inc, and the Whittier Police Department are not agents,

**SECOND AMENDED COMPLAINT FOR DAMAGES**

contractors or employees of the County of Los Angeles.

16. At all relevant times, Officer Austin Castro ("Defendant Castro") was an officer with for the Whittier Police Department (WPD) who, while acting under color of law, committed the violations as alleged here. For purposes of Plaintiff's claims directed against Defendant Castro brought pursuant to 42 U.S.C. § 1983, he is named in his individual capacity.

17. At all relevant times, Defendant Cythia Guzman ("Defendant Guzman") provides services as a jailer for WPD through her employment by G4S Secure Solutions, Inc., and she, while acting under color of law and performing a public function, committed the violations as alleged herein. For purposes of Plaintiff's claims directed against Defendant Guzman brought pursuant to 42 U.S.C. § 1983, she is named in her individual capacity.

18. At all relevant times, Defendant Karen Zaragoza ("Defendant Zaragoza") provides services as a jailer for WPD through her employment by G4S Secure Solutions, Inc., and she, while acting under color of law and performing a public function, committed the violations as alleged herein. For purposes of Plaintiff's claims directed against Defendant Zaragoza brought pursuant to 42 U.S.C. § 1983, she is named in her individual capacity.

19. G4S Secure Solutions, Inc. ("G4S") is a Florida corporation doing business in California and providing jailing services for WPD, which while acting under color of law and performing a public function, committed the violations as alleged here. For purposes of Plaintiff's claims directed against Defendant G4S brought pursuant to 42 U.S.C. § 1983, it is named in its individual capacity.

20. Plaintiff is informed and believes, and based upon such information and belief, alleges that each Defendant sued herein is contractually, strictly, or vicariously liable or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this Second Amended Complaint.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

21. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee, and representative of, and with the knowledge, consent, and permission of each and all of the Defendants.

22. Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein that are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

# FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## UNREASONABLE SEARCH AND SEIZURE
### (*Plaintiff against all Defendants*)

23. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Second Amended Complaint, as though fully set forth herein.

24. As alleged herein, Defendants falsely arrested and imprisoned Plaintiff without justification or probable cause. Defendants' unjustified actions deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that such an arrest and confinement was reasonable. At all relevant times, Plaintiff was compliant and followed Defendants' instructions. He did not have any outstanding warrants or wants and was not on

probation or parole, nor was he in violation thereof. No objective facts readily available and known to Defendants could have reasonably led them to conclude that Plaintiff was a fugitive from justice stemming from a 2012 child-molestation case. Defendants knew Plaintiff asserted he had no such conviction or outstanding warrants, and Defendants had before them the proper CII fingerprint data to immediately verify Plaintiff was not, in fact, the individual of a similar name involved in the 2012 child-molestation case. That they did not and falsely arrested and imprisoned Plaintiff for five (5) days was a clear violation of his Fourth Amendment rights. As a result of the foregoing, Plaintiff suffered great emotional and mental distress. Further, Defendants' actions violated their training and standard police-officer training.

26. Defendants, under color of law, intentionally, recklessly, negligently, unlawfully, and with malice, fraud, and oppression violated Plaintiff's civil rights and his right to be secure in his person against unreasonable search and seizure as guaranteed to Plaintiff under the Fourth and Fourteenth Amendments.

27. Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the personal liberty and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments, committed or allowed to be committed acts that deprived Plaintiff of his constitutional rights.

28. Due to the conduct of Defendants, and each of them, Plaintiff has suffered injury and is entitled to general damages and special damages, all in sums to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorney's fees and will continue to incur attorney's fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable under 42 U.S.C. § 1988.

29. Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code; the Fourth Amendment to the United States Constitution; and California Civil Code § 3333, by intentionally and unnecessarily causing Plaintiff to be falsely imprisoned.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

30. The conduct of Defendants constitutes malice, oppression, or fraud entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set examples of these individual Defendants.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## *MONELL* CLAIM
### (*Plaintiff against Defendants City of Whittier and County of Los Angeles*)

31. Plaintiff realleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Second Amended Complaint as though fully set forth herein.

32. At all relevant times, the Defendant police officers and deputies acted under color of law. The acts of the Defendant police officers and deputies violated Plaintiff's rights under the United States Constitution and its Fourth and Fourteenth Amendments.

33. Upon information and belief, the final policymakers, acting under color of law, had final policymaking authority concerning the acts of Defendants City of Whittier and County of Los Angeles, and their employees and agents. Defendants City of Whittier and County of Los Angeles On information and belief, the final policymakers knew of and specifically approved of the Defendant police officers' and deputies' acts.

34. On information and belief, final policymakers have determined that the acts of the Defendant officers and deputies were "within policy."

35. Accordingly, Defendants City of Whittier and County of Los Angeles are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

36. The training policies of Defendants were not adequate to train officers and deputies to handle the usual and recurring situations with which they must deal.

37. Defendants City of Whittier and County of Los Angeles were deliberately indifferent to the obvious consequences of their failures to train their officers and deputies adequately.

38. The failures of Defendants City of Whittier and County of Los Angeles to provide adequate training caused the deprivation of Plaintiff's rights by the Defendant police officers and deputies; that is, Defendant City Whittier's and Defendant County of Los Angeles's failures to train are so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

39. On information and belief, Defendants City of Whittier and County of Los Angeles failed to train the Defendant police officers and deputies properly and adequately. By reason of the aforementioned acts and omissions, Plaintiff has been injured.

40. Accordingly, Defendants City of Whittier and County of Los Angeles are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

41. The Defendant police officers and deputies acted according to expressly adopted official policies or longstanding practices or customs of Defendants City of Whittier and County of Los Angeles.

42. On information and belief, the Defendant police officers and deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

43. Defendant City of Whittier's and Defendant County of Los Angeles's policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a) Arresting and imprisoning individuals without a warrant or probable cause, violating a person's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States;

    (b) Providing inadequate training regarding search and seizure;

(c) Employing and retaining as police officers and deputies individuals such as the Defendant police officers and deputies, whom Defendants City of Whittier and County of Los Angeles at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and arresting and confining individuals without a warrant or probable cause;

(d) Inadequately supervising, training, controlling, assigning, and disciplining City of Whittier and County of Los Angeles officers and deputies, and other personnel, including the Defendant police officers and deputies, whom Defendants City of Whittier and County of Los Angeles knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by the Defendant officers and deputies;

(f) Failing to adequately discipline City of Whittier and County of Los Angeles police officers and deputies, including the Defendant police officers and deputies, for the above-referenced categories of misconduct, including by employing mere "slap-on-the-wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that the use of unjustified arrests is "within policy," including conduct later determined to be unconstitutional;

(h) Even when a search and seizure is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers or deputies involved;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

44. By reason of the aforementioned acts and omissions, Plaintiff has suffered injuries and is entitled to damages in an amount to be proved at trial.

45. Defendants City of Whittier, County of Los Angeles, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and, through actions and inactions, thereby ratified, such policies. Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

46. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, the Defendant police officers and deputies acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Further, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants City of Whittier and County of Los Angeles were affirmatively linked to and were a significantly influential force behind Plaintiff's injuries.

47. Accordingly, Defendants City of Whittier and County of Los Angeles are each liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
### NEGLIGENCE
### (*Plaintiff against all Defendants*)

48. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Second Amended Complaint, as though fully set forth herein.

49. Defendants had a duty to use reasonable care in their interactions with Plaintiff and to ensure that he was free from foreseeable risks of harm caused by

Defendants' conduct. Defendants had a duty not to expose Plaintiff to reasonably foreseeable risks of harm, including, but not limited to, harm caused by arresting and imprisoning Plaintiff without a warrant or probable cause.

50. At all relevant times, no probable cause existed to arrest and confine Plaintiff. At all relevant times, Defendants had no reasonable basis to believe that Plaintiff had any outstanding warrants or wants or that Plaintiff was on probation or parole or was in violation thereof.

51. Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that probable cause existed to arrest and confine Plaintiff. All objective facts readily available and known to Defendants could not have reasonably led the Defendant police officers or deputies to conclude that Plaintiff was a fugitive from justice.

52. In light of the foregoing facts, knowledge, and circumstances, no reasonable person or reasonable officer or deputy could have believed that probable cause existed to arrest and incarcerate Plaintiff. Moreover, in light of the foregoing, no material ambiguities existed and no reasonable person could have believed that Plaintiff had committed any offense or that Plaintiff was sought by authorities. Accordingly, no reasonable person or reasonable officer or deputy, acting on these facts, could sensibly or reasonably conclude that probable cause existed to arrest and imprison Plaintiff.

53. Defendants had a duty to use reasonable care in their interactions with Plaintiff and to ensure that Plaintiff was free from foreseeable risks of harm caused by Defendants' conduct while interacting with Plaintiff. Defendants had a duty not to expose Plaintiff to reasonably foreseeable risks of deprivation of his rights.

54. Defendants breached their duty of care owed to the public and especially to Plaintiff by failing to act with the requisite care required, and Defendants caused Plaintiff to suffer injuries including but not limited to mental and emotional anguish. Defendants breached their duty despite knowing that Plaintiff was innocent of any

**SECOND AMENDED COMPLAINT FOR DAMAGES**

criminal activity.

55. Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff, as it did when Defendants interacted with Plaintiff and caused him to be unlawfully arrested and incarcerated and to suffer harm that would not have otherwise occurred but for the unreasonable conduct of Defendants. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care and causing Plaintiff to suffer an unlawful arrest and confinement.

56. Defendants City of Whittier and County of Los Angeles are vicariously liable for the wrongful acts of their officers and deputies under section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. In the alternative, should G4S Secure Solutions be found to be an independent contractor of one of the public entity Defendants, said Defendants are liable for the torts of G4S employees in the scope of employment pursuant to Gov. Code 815.4.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury to his mind, mental anguish, and emotional distress and is entitled to past and future special damages and past and future general damages in amounts according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VICTOR MANUEL MARTINEZ WARIO prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages as allowed by law;
4. For costs of suit;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

5. For reasonable attorney's fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Victor Manuel Martinez Wario hereby demands a jury trial.

DATED: October 1, 2024                    **GAMMILL LAW, APC**

By: _____
DAVID W. GAMMILL
Attorney for Plaintiff
VICTOR MANUEL MARTINEZ WARIO